UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

GREGORY WAYNE PARRISH,

    Plaintiff,

v.                605CV116

FORD MOTOR CO.,

    Defendant.

## ORDER

Plaintiff Gregory Wayne Parrish filed this products liability action against Ford Motor Co. (Ford), invoking this Court's diversity jurisdiction. Doc. # 1. Parrish claims that he had an accident in his 2003 Ford Ranger, and the defective airbag failed to deploy, enhancing his injuries. *Id.* at 2. Ford moves for summary judgment; Parrish moves for F.R.Civ.P. 41(a)(2) voluntary dismissal, which Ford contests.

"In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result. The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 857 (11th Cir. 1986) and *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)) (quotes, cite, alteration, and emphasis omitted).

In *Pontenberg*, the district court found no "clear legal prejudice" and granted a voluntary dismissal despite the following: the discovery period had ended; the plaintiff's expert opinions had been excluded; the defendant had "invested considerable resources ... preparing [a] then pending summary judgment motion"; and the plaintiff had "failed to diligently prosecute the action." *Id.* at 1256. The court of appeals held that "the court did not abuse its broad discretion in allowing [the plaintiff] to dismiss voluntarily." *Id.*

Here, Ford complains about "Plaintiff's excessive delay and lack of diligence," plaintiff's "insufficient" explanation for the required dismissal, and plaintiff's actual motive for dismissal being to "avoid an adverse determination on the merits." Doc. # 65 at 4-9. The problem for Ford, however, is that these factors were all present in *Pontenberg*, a case Ford failed to cite or distinguish.[1]

As to plaintiff's lack of diligence: "Neither the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively ... establishes plain legal prejudice requiring the denial of a motion to dismiss."

---

[1] It is difficult to believe that Ford, a blue-chip corporation represented by top-notch lawyers, was not aware of *Pontenberg*. In that regard,

    (a) A lawyer shall not knowingly:

          \*   \*   \*

    *(3) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel....*

GEORGIA RULES OF PROFESSIONAL CONDUCT 3.3 (*Candor Toward the Tribunal*) (2007); *see also* S.D.GA.LOC.R. 83.5(d) (Georgia's ethics code applies here).

*Pontenberg*, 252 F.3d at 1256. As to plaintiff's motive: "[T]he mere attempt to avoid an adverse summary judgment ruling in and of itself, particularly where there is no evidence of bad faith, does not constitute plain legal prejudice." *Id.* at 1258.

Ford's final attack on Parrish's motion -- that Parrish's "explanation for the need to take dismissal is insufficient," Doc. # 65 at 6 -- evidences no prejudice to Ford. Parrish first cites the incarceration of the only eye-witness to the accident, John Cecil Littles, Jr. -- Parrish's passenger the night of the accident. He claims that Littles's deposition has been taken, but "the deposition would not be as effective as a personal appearance." Doc. # 52 at 2.

Ford responds that Littles was incarcerated before the case was filed, and the incarceration could last 17 more years. Doc. # 65 at 6-7; *see also* Doc. # 65, exh. L at 6-7, 13. Thus, Ford argues, a continuance should have been sought earlier (because Parrish knew Littles was incarcerated), and a continuance, whenever sought, "is clearly unreasonable" (because Littles could be in jail for 17 more years). However silly this reason, it nevertheless does not create any prejudice to Ford, which at most faces (for the next 17 years) the possibility of relitigation with the same "effectiveness deficiency" to *Ford's* benefit.

Plaintiff's second reason for seeking a dismissal is that he has only one expert witness, whose "testimony, expertise, qualifications, and opinions are heavily attacked by Defendant." Doc. # 52 at 2. Perhaps plaintiff's witness is unqualified, in which case he wishes to seek a qualified expert; perhaps plaintiff's witness is qualified, but his testimony is unreliable, in which case he seeks to shore up problems with the expert's experiments. Were the case dismissed, Ford would suffer the clear legal prejudice of having its expensive attack on Parrish's expert rendered a nullity. This prejudice, however, can be avoided: "Where the 'practical prejudice' of expenses incurred in defending the action can be 'alleviated by the imposition of costs or other conditions,' the district court does not abuse its 'broad equitable discretion' by dismissing the action without prejudice." *Pontenberg*, 252 F.3d at 1260. Moreover, imposing costs here would be more appropriate than denying the motion for voluntary dismissal given that in *Pontenberg* the voluntary dismissal rendered the defendant's *already successful exclusion* of expert testimony null. *See id.* at 1256.

Therefore, this court **GRANTS** in part and **DENIES** in part plaintiff Gregory Wayne Parrish's motion to dismiss this case without prejudice. Doc. # 52. This case cannot be re-filed anywhere, in any shape or form, without prepayment to defendant Ford Motor Co. of the costs, including attorney's fees, of defending this action. Ford shall file, within 15 days, an affidavit declaring its attorney's fees and costs, which will become part of a final order dismissing this case without prejudice.

This 25 day of April, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA